<span style="color: red">**EXHIBIT A**</span>

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA

GENERAL JURISDICTION

CASE NO.: 23004091CA

JENIFFER TABARES & JORGE TABARES,

      Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,

      Defendant.

_____/

## COMPLAINT

COMES NOW, JENIFFER TABARES & JORGE TABARES (hereinafter "Plaintiffs" or "Plaintiff") by and through the undersigned counsel, and hereby file this Complaint against SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST ("Defendant") and in support thereof allege the following:

### GENERAL ALLEGATIONS

1. This is an action in which the amount in controversy is more than fifty thousand dollars ($50,000.00), exclusive of interest, attorneys' fees, and costs.

2. Plaintiff is/are the owner(s) of the real property located in CHARLOTTE County, Florida.

3. Defendant engages in the business of providing insurance and conducts business in CHARLOTTE County and throughout the State of Florida.

4. In consideration for the premium paid by Plaintiff to Defendant, Defendant provided property insurance coverage to Plaintiff for the real property located at 127 ANNAPOLIS LN,

ROTONDA WEST, FL 33947-2204 (hereafter referred to as the "Covered Property") under the homeowner's insurance policy bearing number **FLD5021037** (hereafter referred to as the "Policy").

5. Exhibit A attached hereto is the insurance contract (or evidence of the insurance contract) that represents the sale of insurance coverage/protection for the Covered Property.

6. Please see a copy of the Policy's Declarations page, which is attached hereto as Exhibit "A". Plaintiff reserves the right to supplement this Complaint by attaching a full copy of the policy. Alternatively, a copy of the policy will be obtained from Defendant through the Discovery process and will be filed in support of this action at that time. *See*, Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla. 4th DCA 2007). *See also*, Amiker v. Mid-Century Ins. Co., So.2d 974 (Fla 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3d DCA 1981); Sasche v. Tampa Music Co., 262 So.2d 17 (Fla. 2d DCA 1972).

7. Plaintiff suffered a loss during the policy period to the risk property listed on the declarations of coverages page of the related policy in the form of a flood loss caused by a covered peril in such a fashion as to cause substantial damage to the risk property, and pursuant to the rules set forth in the related insurance contract, timely reported the loss to the Defendant.

8. In order to initiate an insurance claim with the Defendant, the Defendant required that the Plaintiff provide a "date of loss," the "date of loss" assigned to the insurance claim was 09/28/2022, and the Defendant assigned claim number FLD5021037 to the casualty loss.

9. The loss Plaintiff suffered occurred during the policy period and was an accidental fortuitous loss that is not excluded by the policy.

10. Plaintiff is not making any claims for breach of any implied covenant of good faith or fair dealing, nor does this lawsuit seek any extra-contractual damages at this time.

11. The loss resulted in physical damage to Covered Property.

12. The Policy covers all direct loss to Covered Property so long as the loss is a physical loss to property.

13. Plaintiffs complied with all post-loss obligations under the Policy and the Defendant was not prejudiced in its investigation.

14. Plaintiff satisfied all conditions precedent required before filing the instant action.

## COUNT I– BREACH OF CONTRACT

15. Plaintiffs hereby re-allege all preceding paragraphs common to all counts above as though fully restated herein.

16. Contract: Plaintiff and Defendant entered into a contract which provided insurance over the Covered Property. Exhibit A

17. Loss During the Policy Period: Plaintiff suffered the subject loss at the covered property while the subject policy was in effect and timely reported the subject loss to the Defendant. Defendant's investigation of the subject loss was not prejudiced.

18. Breach: Defendant breached the insurance contract, including but not limited to the Loss Payment and Loss Settlement conditions of the contract, as a result of the Defendant's failure to pay sufficient funds to Plaintiff to restore the covered property to its pre-loss condition.

19. Materiality: Defendant's breach was material.

20. Damages: The breach of contract by the Defendant directly resulted in damages to the Plaintiff in at least the amount in controversy alleged above due to Plaintiff.

21. As a direct result of Defendant's breach of the Policy, Plaintiff was required to hire the undersigned attorney and have become obligated for attorneys' fees and costs in connection with

the prosecution of this action. Florida Statute §627.428, §627.70152(8) and/or §626.9373 provides for the payment of attorneys' fees and costs in the event of such need.

**WHEREFORE**, Plaintiffs, JENIFFER TABARES & JORGE TABARES, pray that this Honorable Court enter an award against Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, for compensatory damages, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for those issues that are so triable against Defendant pursuant to Florida law.

Respectfully submitted,

*/s/ Melissa Duran, Esq.*

Melissa Duran, Esq.
Bar No.: 1025379
**Property Litigation Group, PLLC**
*Attorneys for Plaintiffs*
2750 SW 145th AVE
Suite 509
Miramar, FL 33027
Primary Email: service@plglawyersfl.com
Secondary Email: md@plglawyersfl.com
PH: (305) 506-4746