UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| JENIFFER TABARES AND JORGE TABARES,<br><br>    Plaintiffs,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,<br><br>    Defendant. | CASE NO. 2:23-cv-01041-JES-NPM |

**SELECTIVE'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ACTION PURSUANT TO 12(b)(1)**

### I.     SUMMARY OF THE ARGUMENT

Selective Insurance Company of the Southeast ("Selective" or "Defendant") is a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended. Selective moves for an order dismissing this action pursuant to Federal Rules of Civil Procedure 12(b)(1) because there is no case or controversy ripe for adjudication.  Specifically, the claims of the Plaintiffs, Jeniffer Tabares and Jorge Tabares ("Plaintiffs") are premature under the NFIP because they were not denied by Selective pursuant to 42 U.S.C. § 4072 prior to filing the instant lawsuit.[1]

---

[1] *Burkhalter v. Hartford Underwriters Ins. Co.*, No. 17-CV-01086-BAJ-SDJ, 2021 WL 3121209, at *5 (M.D. La. July 22, 2021), *appeal dismissed sub nom. Poynor v. Liberty Mut. Fire Ins. Co.*, No. 21-30479,

CASE NO. 2:23-cv-01041-JES-NPM

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Selective, while acting in its capacity as a WYO Program carrier, issued NFIP Standard Flood Insurance Policy ("SFIP") number FLD5021037 (the "Policy") to Plaintiffs. The Policy was in force and effect on September 28, 2022. The property location shown on the Declarations Page of the Policy was 127 Annapolis Ln., Rotonda West, FL 33947-2204 ("the Property").[2]

The Plaintiffs' Complaint was filed on or about October 25, 2023.[3] In summary, it asserts claims against Selective under the Policy for breach of contract. Specifically, Plaintiffs' Complaint contains the following allegations:

> … 4. Defendant provided property insurance coverage to Plaintiff for the real property located at 127 ANNAPOLIS LN, ROTONDA WEST, FL 33947-2204 (hereafter referred to as the "Covered Property") under the homeowner's insurance policy bearing number FLD5021037 (hereafter referred to as the "Policy").[4]
>
> 5. Exhibit A attached hereto is the insurance contract (or evidence of the insurance contract) that represents the sale

---

2021 WL 6801073 (5th Cir. Oct. 1, 2021), and *appeal dismissed sub nom. Armstrong v. Liberty Mut. Fire Ins. Co.*, No. 21-30471, 2021 WL 6755462 (5th Cir. Oct. 4, 2021), and *appeal dismissed sub nom. Aucoin v. Bankers Specialty Ins. Co.*, No. 21-30481, 2021 WL 6801071 (5th Cir. Oct. 5, 2021), and *appeal dismissed sub nom. Smith v. Liberty Mut. Fire Ins. Co.*, No. 21-30472, 2021 WL 6755459 (5th Cir. Oct. 18, 2021), and *appeal dismissed sub nom. Williams v. Bankers Specialty Ins. Co.*, No. 21-30480, 2021 WL 6801072 (5th Cir. Nov. 16, 2021).

[2] *See* Exhibit A, Declaration of Stephen Weber. A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. 'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[3] ECF. 1-1.

[4] ECF. 1-1 at ¶ 4.

of insurance coverage/protection for the Covered Property.[5]

6. Please see a copy of the Policy's Declarations page, which is attached hereto as Exhibit "A".[6]

… At all times relevant to this action, Plaintiff was an insured policyholder under a certain policy of flood insurance issued and/or underwritten by Selective…[7]

… 7. Plaintiff suffered a loss during the policy period to the risk property listed on the declarations of coverages page of the related policy in the form of a flood loss ….[8]

8. … the "date of loss" assigned to the insurance claim was 09/28/2022 ….[9]

13. Plaintiffs complied with all post-loss obligations under the Policy and the Defendant was not prejudiced in its investigation.[10]

14. Plaintiff satisfied all conditions precedent required before filing the instant action.[11]

18. Defendant breached the insurance contract ….[12]

20. Damages: The breach of contract by the Defendant directly resulted in damages to the Plaintiff in at least the amount in controversy alleged above due to Plaintiff.[13]

---

[5] ECF. 1-1 at ¶ 5.

[6] ECF. 1-1 at ¶ 6.

[7] ECF. 1-1 at ¶ 6.

[8] ECF. 1-1 at ¶ 7.

[9] ECF. 1-1 at ¶ 8.

[10] ECF. 1-1 at ¶ 13.

[11] ECF. 1-1 at ¶ 14.

[12] ECF. 1-1 at ¶ 18.

[13] ECF. 1-1 at ¶ 20.

> 21. As a direct result of Defendant's breach of the Policy, Plaintiff was required to hire the undersigned attorney and have become obligated for attorneys' fees and costs in connection with the prosecution of this action. Florida Statute §627.428, §627.70152(8) and/or §626.9373 provides for the payment of attorneys' fees and costs in the event of such need.[14]

Through the lawsuit, Plaintiffs seek:

> …compensatory damages, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper.[15]

The only policy issued by Selective, which has been made issue in the lawsuit, is Policy Number FLD5021037, which is an SFIP and a codified federal regulation available at 44 C.F.R. Part 61, Appendix A(1).[16] Notably, Selective did not issue a written denial letter to the Plaintiffs regarding the September 28, 2022 flood claim at issue because Selective never received information from the Plaintiffs, such as a proof of loss pursuant to Art VII(G)(4) of the Policy, seeking an additional amount beyond what Selective had already paid.[17] The insureds had a duty to inform their insurer of the nature of their loss. The fact that the Plaintiffs failed to provide Selective with the information necessary to fully investigate and adjust or deny the claim makes the instant action unripe for judication and, thus, deprives the Court of subject matter jurisdiction.

---

[14] ECF. 1-1 at ¶ 21.

[15] ECF. 1-1 at ¶ "Wherefore"

[16] *See* Exhibit A, Declaration of Stephen Weber.

[17] *See Id.*

### III. BACKGROUND OF THE NATIONAL FLOOD INSURANCE PROGRAM

Congress created the NFIP pursuant to the NFIA, 42 U.S.C. § 4001, *et seq. Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596, 598–600 (4th Cir. 2002) (discussing history and organization of the NFIP). The Administrator of the Federal Emergency Management Agency ("FEMA") is charged with overseeing and implementing the NFIP. *Id.* Additionally, the Administrator of FEMA is statutorily authorized to promulgate regulations "for general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. § 4013. The regulations also prescribe the methods by which approved losses under the NFIP may be adjusted and paid. 42 U.S.C. § 4019. Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the [SFIP] found in 44 C.F.R. Part 61, Appendix A." *Battle,* 288 F.3d at 599 (citing 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c)).

In 1983, under the WYO Program, the Administrator of FEMA authorized the SFIP to be issued by private insurance companies, commonly referred to as WYO Program carriers (e.g. Selective). 42 U.S.C. § 4071(a)(1). WYO Program carriers issuing flood insurance under the NFIP arrange for the adjustment, settlement, payment, and defense of all claims arising from the policy. 44 C.F.R. § 62.23(d). Congress underwrites all operations of the NFIP, including claims adjustment, through United States Treasury funds. 42 U.S.C. § 4017(d)(1). The federal government pays all flood insurance claims and reimburses WYO Program carriers their costs,

including defense costs, for the adjustment and payment of claims. *Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012) (citing *Campo v. Allstate Ins. Co.,* 562 F.3d 751, 754 (5th Cir. 2009)); *see* 44 C.F.R. § 62.23(i); *see also Newton v. Cap. Assur. Co.,* 245 F.3d 1306, 1312 (11th Cir. 2001). The Administrator is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered 42 U.S.C.A. § 4019 (West).

Congress statutorily authorized FEMA to enter into arrangements with private insurance companies that operate as the "fiscal agent of the United States." 42 U.S.C. § 4071(a)(1). In effect, a suit against a WYO Program carrier is the functional equivalent of a suit against FEMA. *Van Holt v. Liberty Mut. Ins. Co.,* 163 F.3d 161, 166–67 (3d Cir. 1998); *see Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.,* 508 F.3d 1337, 1344 (11th Cir. 2007). Thus, a judgment against a WYO Program carrier constitutes a judgment against FEMA, and consequently, a direct charge on the United States Treasury. *Shuford,* 508 F.3d at 1343; *Newton,* 245 F.3d at 1310–12; *Van Holt,* 163 F.3d at 165.

Federal law governs the interpretation of the provisions of the SFIP. Article IX of the SFIP provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.[18]

---

[18] 44 C.F.R. pt. 61, app. A(2), art. IX (2020).

Specifically, the U.S. Court of Appeals for the Fifth Circuit has stated:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.[19]

## IV.    LAW AND ARGUMENT

### A.    Standard for Dismissal Under Rule 12(b)(1)

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case. *Perez-Kocher v. Commissioner of Social Security,* 2021 WL 6334838, at *1 (M.D.Fla., 2021). A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). Facial attacks require the court merely to determine if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction and take the allegations of the complaint as true for the purposes of the motion. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). However, under a factual (12)(b)(1) motion, the trial court is free to weigh the facts and evidence presented independently. *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 (11th Cir. 2003). Therefore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court

---

[19] *West v. Harris,* 573 F.2d 873, 881 (5th Cir. 1978).

from evaluating for itself the merits of the jurisdictional issue." *Id.* at 925. A district court has the power to dismiss for lack of subject matter jurisdiction on "any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *McElmurray*, 501 F.3d at 1251.

"[W]hen the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P.56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529. Here, Selective presents a factual 12(b)(1) motion, which allows this Court to freely weigh the evidence presented by Selective as to if this matter is ripe for adjudication

### B. Jurisdiction and Ripeness

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Importantly, "[a] case or controversy must be ripe for decision, meaning that it must not be premature or speculative. That is, ripeness is a

constitutional prerequisite to the exercise of jurisdiction." *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002) (footnotes omitted). "It is a fundamental principle of constitutional law that a claim must be ripe before a lawsuit can be filed."[20]

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review. *See* U.S. Const. art. III, § 2, cl. 1. The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or 'controversy' language. *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir.1991). The ripeness doctrine is also drawn from prudential reasons for refusing to exercise jurisdiction. *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir.1984). The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes. *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). The ripeness doctrine's basic rationale is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. *Id.*[21]

---

[20] *See* Exhibit B, FEMA January 18, 2022 Memorandum Write Your Own (WYO) Company Legal Coordinators and Outside Counsel, Lawsuits Contesting a Claim Payment Prior to Disallowance, at 1.

[21] While this Court lacks jurisdiction due to the premature nature of this action, once ripe for adjudication, exclusive jurisdiction is conferred upon this Court pursuant to the NFIA, 42 U.S.C. § 4001, et seq, 42 U.S.C. § 4053 and 42 U.S.C. § 4072.

### C.   SFIP Construction And Relevant Terms

The U.S. Court of Appeals for the Fifth Circuit has repeatedly advised that the SFIP "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). "The terms of the SFIP are dictated by FEMA, and cannot be waived or modified by [any party]," *including* the defendant insurer. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005). These strict rules of construction *cannot* be relaxed, even if a "harsh" result follows. *Id.* at 387 (5th Cir. 2005) (discussing *Gowland*, 143 F.3d at 955); *accord Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019) ("[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of a *regulation*, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury." (alterations omitted; quoting *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).

In relevant part, the SFIP provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim.... This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy. SFIP, art. VII(O) ("Suit Against Us").

Interpreting precisely this provision, the Fifth Circuit has affirmed that an insured must "turn square corners," *and* that the Court "must ... narrowly construe *when* a policyholder may bring suit." *Cohen*, 924 F.3d at 780 (quotation marks omitted).

### D. The Case Is Premature And, Thus, Must Be Dismissed

Here, Plaintiffs pled in the Complaint they satisfied all conditions precedent required before filing the instant action. ECF. 1-1 at ¶ 14. However, Plaintiffs filed suit before Selective was notified of or provided with information to support Plaintiffs' claim for additional benefits beyond what Selective had already paid[22] and before obtaining a written denial from Selective in direct violation of the SFIP's requirement that any suit for coverage "must start ... *after* the date of the written denial of all or part of the claim." SFIP, art. VII(O) (emphasis added).[23] By prematurely filing suit prior to submitting proof to support any claim for additional payment, such as a timely Proof of Loss pursuant to the requirement of SFIP art VII(G)(4) (and applicable waivers) and prior to obtaining a written denial from Selective, Plaintiffs deprived Selective of an opportunity to adjust the claim within the time period as required under the SFIP.

---

[22] SFIP art VII.O. provides (*in part*) as follows "…You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy..." Thus, Plaintiffs must have complied with SFIP art VII.G.4. prior to filing the lawsuit. SFIP art VII.G.4. reads:

> …In case of a flood loss to insured property, you must:
> …
> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information…

On September October 6, 2022, pursuant to FEMA Bulletin W-22012, FEMA extended the 60-day proof of loss deadline for submitting a compliant proof of loss for Hurricane Ian to a total of 365 days from the date of loss. Here, Selective is unaware of the existence of a timely submitted Proof of Loss preserving a right to recover additional proceeds under the Policy beyond what Selective has already paid pursuant to the requirements as discussed in *LCP W. Monroe, LLC v. United States,* 328 F. Supp. 3d 577 (W.D. La. 2018).

[23] *See* Exhibit A, Declaration of Stephen Weber.

*See* SFIP, art. VII(J)(1) (Loss Payment). "When a policyholder files a lawsuit before receiving a decision on the claim, it deprives FEMA and/or the WYO company of the opportunity to fairly address and resolve a claim."[24]

Allowing FEMA and/or the WYO company the opportunity to fairly address and resolve the claim serves a carefully crafted purpose. Specifically, to "ensure that before a claim is brought to court, the dispute is concrete, narrowly defined, and capable of efficient judicial resolution. It is inappropriate to ask the courts to act as insurance adjusters, reviewing vague claims of insufficient payment without the benefit of a complete explanation of the claim review and decision made."[25] This process "determine[s] the precise issues in dispute. Once disputed items of claimed damages, if any, are identified and explained, then a court is in position to decide an actual case or controversy."[26]

Simply put, "ripeness is a *constitutional prerequisite* to the exercise of jurisdiction." *Shields*, 289 F.3d at 835 (emphasis added). And this case is not ripe because the Plaintiffs did not follow the proper procedure. It was filed in violation of the SFIP's express requirement that litigation "must start ... *after* the date of the written denial," SFIP, art. VII(O). Moreover, as discussed by the court in *Burkhalter,* 2021 WL 3121209 at *4 "...[t]here is absolutely no ambiguity in the SFIP's requirement that

---

[24] *See* Exhibit B at 1.
[25] *Id.* at 2.
[26] *Id.*

litigation "*must* start … *after* the date of the written denial," SFIP, art. VII(O) (emphasis added), *or*, for that matter, the Fifth Circuit's admonishment that this provision must be strictly construed, *Cohen*, 924 F.3d at 780. *Cf. Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 287 (5th Cir. 2009) (distinguishing between the SFIP's use of the words "must" and "may," and finding the former is mandatory whereas the latter is optional)…"

Importantly, the "NFIP's commitment to equity and its recognition that the sooner policyholders receive the insurance proceeds to which they are entitled, the sooner individuals and communities will be able to recover. Accordingly, in addition to the law requiring that a denial on a claim must be made, in whole or part, before a lawsuit can be filed, a decision to dismiss without prejudice or stay the lawsuit serves the interests of the policyholder . . . FEMA does not seek to preclude access to federal courts, but, rather, to ensure that the claims that do proceed to court are not premature. Once a decision is made on a claim and the matter is ripe for review, FEMA respects policyholders' rights to seek recourse in federal court."[27]

In the instant case, Plaintiffs sued Selective before obtaining a written denial of the claim, in direct violation of the SFIP's requirement that any suit for coverage "must start … *after* the date of the written denial." 44 C.F.R. § Pt. 61, App. A(1), art. VII(O) (emphasis added). The SFIP's language is unambiguous, and the applicable rules require strict adherence. *Cohen*, 924 F.3d at 780. Plaintiffs' action must be dismissed

---

[27] *Id.*

for failure to satisfy the prerequisites to suit set forth in the SFIP. *Castleberry v. Am. Strategic Ins. Corp.*, No. CV 17-01138-BAJ-RLB, 2021 WL 3699847, at *2 (M.D. La. Aug. 19, 2021). "This is particularly important because the Federal National Flood Insurance Fund pays for all NFIP flood insurance claims, and liability pursuant to state law would result in an increase of federal expenditures, a cost that would be passed to federal taxpayers and policyholders in increased premiums."[28]

## V.  CONCLUSION

For the above-mentioned reasons, Selective moves this Honorable Court for an order dismissing this action without prejudice at Plaintiffs' costs, and for all other relief as Selective may be entitled under the law.

Respectfully submitted,

/s/ John Michael Pennekamp
John Michael Pennekamp
Fla. Bar No. 983454
Email: jmp@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile:  (305) 789-9201

*Lead Counsel for Defendant Selective Insurance Company of the Southeast*

---

[28] *Id.* at 1.

## Local Rule 3.01(g) Certification

The Movant hereby certifies that counsel has been attempting to reach counsel for the Plaintiffs since December 6, 2023 to discuss this Motion and the relief requested herein and have left several voicemails and sent several emails attempting to confer with counsel. When conferring on December 4, 2023 regarding D.E. 13, counsel for Plaintiffs advised her last day in the office before the holidays would be December 13, 2023.

s/ John Michael Pennekamp
John Michael Pennekamp

CASE NO. 2:23-cv-01041-JES-NPM

## CERTIFICATE OF SERVICE

:I hereby certify that on December 15, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ John Michael Pennekamp
John Michael Pennekamp

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 2:23-cv-01041-JES-NPM

## SERVICE LIST

CASE NO. 2:23-cv-01041

Melissa Duran, Esq.
Property Litigation Group, PLLC
2750 SW 145th Ave., Suite 509
Miramar, FL 33027
E-Mail: md@plglawyersfl.com;
service@plglawyersfl.com;
lf@plflawyersfl.com
Telephone: (305) 506-4746
Attorney for JENIFFER TABARES
AND JORGE TABARES